UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | | |
|---|---|---|
| JESUS HERNANDEZ, | } | Case No.  1:16-cv-25143 |
| PLAINTIFF | } | |
| | } | COMPLAINT FOR DAMAGES |
| v. | } | 15 U.S.C. § 1692, et seq. |
| | } | Fla. Stat. § 559.55, et seq. |
| HEALTHCARE REVENUE RECOVERY GROUP, LLC. | } | |
| DEFENDANT | } | **JURY TRIAL REQUESTED** |
| _____/ | | |

## COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

1.  Plaintiff JESUS HERNANDEZ, through his attorney, brings this action to challenge the actions of Defendant HEALTHCARE REVENUE RECOVERY GROUP, LLC., for unlawful conduct in connection with debt collection activity.

2.  The Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA") was designed to protect citizens from such abuses perpetrated by debt collectors like the ones described in this complaint, and to protect citizens like Plaintiff.  "There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* at § 1692(a)

3.  After the U.S. Congress passed the FDCPA, the Florida state legislature decided it wanted to go even further to protect its citizens from the rampant abuses perpetrated by debt collectors.  To this end, the Florida state legislature passed the Florida Consumer Collections Practices Act, Fla. Stat. §§ 559.55-

559.785 ("FCCPA").  The FCCPA was designed to protect consumers from harassment like the type described within this complaint, and to protect consumers like Plaintiff.  "In the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer or debtor shall prevail."  *Id.* at § 559.552.

4.  Plaintiff makes the allegations below on information and belief, with the exception of those allegations that pertain to Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

5.  This action partially arises out of Defendant's violations of the Fair Debt Collection Practices Act (FDCPA), over which the U.S. District Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 15 U.S. Code § 1692k, and *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012), and the Florida Consumer Collections Practices Act (FCCPA), over which the U.S. District Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

6. Because Defendant conducts business in the State of Florida by repeatedly contacting Florida residents while attempting to collect upon consumer debts, personal jurisdiction is established.

7.  Because all tortious conduct occurred while Plaintiff resided in the City of Miami, County of Miami-Dade, and witnesses are located within such location, venue properly lies with this court.

## PARTIES AND DEFINITIONS

8.   Plaintiff is a natural person.

9.  Defendant is a "debt collector" as such term is described by the FDCPA 15 U.S.C. § 1692a(6) and the FCCPA Fla. Stat. § 559.55(7) because Defendant used instrumentalities of interstate commerce within this state, the principal purpose of which is the collection of debts.  Additionally or alternatively,

Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

10. Plaintiff was allegedly obligated to pay a "debt," as such term is described by the FDCPA 15 U.S.C. § 1692a(5) and the FCCPA Fla. Stat. § 559.55(6) because he was allegedly obligated to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

11. Plaintiff is a "debtor" and a "consumer" as those terms are described by the FDCPA 15 U.S.C. § 1692a(3) and the FCCPA Fla. Stat. § 559.55(8) because he was allegedly obligated to pay a debt.

12. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of Florida, and therefore is and was a "person" as defined by 47 U.S.C. § 153(39).

13. Defendant is, and at all times mentioned herein was, a corporation and is a "person" as defined by 47 U.S.C. § 153(39).

**FACTUAL ALLEGATIONS**

14. On May 13, 2016, Defendant mailed Plaintiff a dunning notice in an attempt to collect upon an alleged debt. Despite this dunning notice containing the language "Follow Up Letter," this was the first communication Defendant made to Plaintiff regarding the alleged debt.

15. Plaintiff does not owe and has never owed a debt in the manner alleged by Defendant.

16. On June 1, 2016, Plaintiff contacted Defendant via telephone in an attempt to deal with the dunning notice. Plaintiff informed Defendant that Plaintiff did not owe the alleged debt. Defendant told Plaintiff to send Plaintiff with written notice indicating such and provided Plaintiff with a PO Box address. Plaintiff requested Defendant's physical address. Defendant refused to provide their physical address and, instead, hung up.

17. On June 21, 2016, Plaintiff again contacted Defendant via telephone in an attempt to deal with the dunning notice. Plaintiff informed Defendant that Plaintiff did not owe the alleged debt. Defendant provided Plaintiff a copy of a "Follow Up Letter" claiming it to be "verification" of the alleged debt.

18. On June 21, 2016, Plaintiff sent Defendant written notice via facsimile that Plaintiff disputed the validity of the alleged debt and demanded validation of the alleged debt via signature on a document creating the alleged original obligation.

19. On June 24, 2016, Defendant called Plaintiff via telephone. First, Defendant told Plaintiff that Defendant had received Plaintiff's written notice disputing the validity of the alleged debt and demanding validation of the alleged debt. Then, Defendant continued its debt collection practices by telling Plaintiff that "in order to close the account, [Defendant was] willing to offer [Plaintiff] a huge discount" on the alleged debt and that "[Defendant would] delete it from the credit bureaus."

20. During the phone call described in paragraph 19, above, Defendant did not provide Plaintiff with the notification that the communication was from a debt collector.

21. During Defendant's initial communication with Plaintiff, and in fact during every one of Defendant's subsequent communications with Plaintiff, Defendant failed to provide Plaintiff with the information regarding the amount of the debt; the name of the creditor to whom the debt is owed; a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and a statement that, upon the consumer's written request within the thirty-day period, the

debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

## FIRST CLAIM FOR RELIEF

**Violation of the FDCPA, 15 U.S.C. § 1692, et seq.**

22. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1-21, as if fully set forth herein.

23. By contacting Plaintiff for the purposes of collecting upon an alleged debt that Plaintiff does not actually owe in the manner alleged by Defendant, Defendant has falsely represented the character, amount, or legal status of a debt, and has engaged in illegal practices under the FDCPA, 15 U.S.C. § 1692e(2)(A).

24. By contacting Plaintiff for the purposes of collecting upon an alleged debt that Plaintiff does not actually owe in the manner alleged by Defendant, Defendant has used unfair and unconscionable means to collect or attempt to collect a debt, including the collection of an amount not expressly authorized by an agreement creating the debt or permitted by law, and has engaged in illegal practices under the FDCPA, 15 U.S.C. § 1692f(1).

25. By contacting Plaintiff for the purposes of collecting upon an alleged debt after receiving written notification that Plaintiff disputes the alleged debt, Defendant has engaged in illegal practices under the FDCPA, 15 U.S.C. § 1692g(b).

26. By failing to disclose during a communication subsequent to the first that the communication is from a debt collector, Defendant has engaged in illegal practices under the FDCPA, 15 U.S.C. § 1692e(11).

27. By failing to provide Plaintiff with written notice within five days of the initial communication with Plaintiff with the collection of the debt, or during the initial communication itself, the amount of the debt; the name of the creditor to whom the debt is owed; a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor, Defendant has engaged in illegal practices under the FDCPA, 15 U.S.C. § 1692g(a).

28. The FDCPA provides for actual damages sustained as a result of violation of the statute, 15 U.S.C. § 1692k(a)(1).

29. The FDCPA provides for statutory damages of $1,000.00 for violation of the statute, 15 U.S.C. § 1692k(a)(2).

30. The FDCPA provides for reasonable attorney's fees and costs in any successful action, 15 U.S.C. § 1692k(a)(3).

31. 15 U.S.C. § 1692k(a)(1) entitles Plaintiff to actual damages for Defendant's violations of the FDCPA, 15 U.S.C. § 1692, et seq., and Plaintiff is so entitled.

32. 15 U.S.C. § 1692k(a)(2) entitles Plaintiff up to $1,000.00 in statutory damages for Defendant's violations of the FDCPA, 15 U.S.C. § 1692, et seq., and Plaintiff is so entitled.

33. 15 U.S.C. § 1692k(a)(3) entitles Plaintiff to reasonable attorney's fees and costs upon successful prosecution of this action, and Plaintiff is so entitled.

WHEREFORE, Plaintiff respectfully requests that this Court enters judgment against Defendant and provides Plaintiff with the following relief:

(a) Actual damages in the maximum amount the court deems proper and may provide;

(b) Statutory damages in the amount of $1,000.00;

(c) Reasonable attorney's fees and costs;

(d) And any other relief as the court deems proper and may provide.

Plaintiff requests a jury for all claims so triable.

## SECOND CLAIM FOR RELIEF

**Violation of the FCCPA, Fla. Stat. § 559.55, et seq.**

34. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1-21, as if fully set forth herein.

35. By contacting Plaintiff for the purposes of collecting upon an alleged debt that Plaintiff does not actually owe in the manner alleged by Defendant, despite Plaintiff's insistence that Plaintiff does not owe the alleged debt, and Defendant's apparent inability to obtain proof of the alleged debt, Defendant claimed or attempted to enforce a debt when Defendant knows the debt is not legitimate, in violation of the FCCPA, Fla. Stat. § 559.72(9).

36. The FCCPA provides for actual damages for violation of the statute, Fla. Stat. § 559.77(2).

37. The FCCPA provides for statutory damages of $1,000.00 for violation of the statute, Fla. Stat. § 559.77(2).

38. The FCCPA provides for reasonable attorney's fees and costs in any successful action, Fla. Stat. § 559.77(2).

39. The FCCPA provides for a court to impose punitive damages and such equitable relief as it deems necessary or proper, including enjoining the defendant from further violations of this part, Fla. Stat. § 559.77(2).

40. Fla. Stat. § 559.77(2) entitles Plaintiff to actual damages for Defendant's violations of the FCCPA, Fla. Stat. § 559.72, et seq., and Plaintiff is so entitled.

41. Fla. Stat. § 559.77(2) entitles Plaintiff to $1,000.00 in statutory damages for Defendant's violations of the FCCPA, Fla. Stat. § 559.72, et seq., and Plaintiff is so entitled.

42. Fla. Stat. § 559.77(2) entitles Plaintiff to reasonable attorney's fees and costs upon successful prosecution of this action, and Plaintiff is so entitled.

WHEREFORE, Plaintiff respectfully requests that this Court enters judgment against Defendant and provides Plaintiff with the following relief:

(a) Actual damages in the maximum amount the court deems proper and may provide.

(b) Statutory damages in the amount of $1,000.00;

(c) Reasonable attorney's fees and costs;

(d) And any other relief as the court deems proper and may provide.

Plaintiff requests a jury for all claims so triable.

Respectfully submitted this 12th day of December, 2016,

By Plaintiff's attorney: /s/ Nicholas Michael Murado

Nicholas Michael Murado

Florida Bar # 102769

Murado Law, P.A.

2010 S.W. 99th Avenue

Miramar, Florida, 33025

Telephone: 754-816-2196

E-mail: muradolaw@gmail.com